IN THE SUPERIOR COURT

**FILED**
June 24, 2021
SX-2017-CV-00435
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **LUIS MAGRAS,** | |
| **PLAINTIFF,** | **Civil No. SX-17-CV-435** |
| v. | **ACTION FOR DAMAGES** |
| **NATIONAL INDUSTRIAL SERVICES, LLC, PINNACLE SERVICES, LLC, AND LIMETREE BAY TERMINALS, L.L.C.,** | **JURY TRIAL DEMANDED** |
| **DEFENDANTS.** | **CITE AS: 2021 VI SUPER 67** |

**Appearances:**
**Mary Faith Carpenter, Esq.**
Lee J. Rohn and Associates, LLC
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Kevin F. D'Amour, Esq.**
Barnes & D'Amour
St. Thomas, U.S. Virgin Islands
*For Defendant National Industrial Services, LLC*

**Alicia M. Chiu, Esq.**
Jackson Lewis P.C.
Orlando, Florida
*For Defendant Limetree Bay Terminals, L.L.C.*

**George H. Logan, Esq.**
Dudley, Topper & Feuerzeig, LLP
St. Croix, U.S. Virgin Islands
*For Defendant Pinnacle Services, LLC*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Plaintiff Luis Magras (hereinafter "Plaintiff"), Defendant National Industrial Services, LLC (hereinafter "NIS"), Defendant Pinnacle Services, LLC (hereinafter "Pinnacle"), and Defendant Limetree Bay Terminals, L.L.C.'s (hereinafter

"Limetree") joint motion for reconsideration of the Court's June 10, 2021 order, filed on June 13, 2021.

## BACKGROUND

¶ 2     On December 18, 2017, Plaintiff a complaint against NIS and Pinnacle in connection with Plaintiff's employment with NIS. On March 4, 2021, Plaintiff filed a motion to amend complaint to add Limetree as a defendant. On March 29, 2021, the Court entered an order whereby the Court granted Plaintiff's motion to amend complaint and Plaintiff's first amended complaint was deemed filed the date Plaintiff filed his motion. In response to Plaintiff's first amended complaint, NIS filed its answer on April 15, 2021 and Pinnacle filed its answer on April 22, 2021.

¶ 3     On May 6, 2021, Plaintiff filed a notice advising the Court of the filing of proof of service of the second amended complaint[1] on Limetree's registered agent. According to the return of service attached to Plaintiff's notice, Limetree was served on April 27, 2021.

¶ 4     On June 3, 2021, Plaintiff filed a notice that Plaintiff has commenced arbitration proceedings before the American Arbitration Association.

¶ 5     On June 10, 2021, the Court entered an order (hereinafter "June 10, 2021 Order") whereby the Court noted that "[u]pon review of the file, it has come to the Court's attention that, as of the date of this Order, Limetree has not appeared or timely responded to Plaintiff's first amended complaint" and ordered that, within thirty (30) days from the entry of the date of the order, Plaintiff shall make the appropriate filing to move this matter forward as to the defendant who has failed to appear or answer. (June 10, 2021 Order, pp. 1-2.) In the June 10, 2021 Order, the Court explained:

---

[1] The Court believes that Plaintiff inadvertently referred to the first amended complaint as the second amended complaint in his notice. As of the date of this Order, the Court has not granted Plaintiff leave to file a second amended complaint.

Rule 15 of the Virgin Islands Rules of Civil Procedure provides that "[u]nless a statute of the Virgin Islands or a court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." V.I. R. Civ. P. 15(a)(3). While Plaintiff filed a notice on June 3, 2021 advising the Court that Plaintiff has commenced arbitration before American Arbitration Association, the deadline for Limetree to file a responsive pleading to Plaintiff's first amended complaint was May 26 [sic], 2021—"within 14 days after service of the amended pleading," V.I. R. Civ. P. 15(a)(3)—and this matter is still pending before the Court. As such, the Court will order Plaintiff to make the appropriate filing to move this matter forward as to the defendant who has failed to appear or answer.

(Id., at p. 1.)[2]

¶ 6      On June 13, 2021, the parties filed this instant joint motion for reconsideration.

## STANDARD OF REVIEW

¶ 7      Virgin Islands Rule of Civil Procedure Rule 6-4 (hereinafter "Rule 6-4") governs motions for reconsideration. Rule 6-4(a) provides that "[e]xcept as provided in Rules 59 and 60 relating to final orders or judgments, a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court. V.I. R. Civ. P. Rule 6-4(a). Rule 6-4(b) provides that "[a] motion to reconsider must be based on: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling" and that "[w]here ground (4) is relied upon, a party must specifically point out in the motion for reconsideration where in the record of the proceedings the particular issue was actually raised before the court." V.I. R. Civ. P. Rule 6-4(b). *See also, Arvidson v. Buchar*, 72 V.I.

---

[2] The Court inadvertently stated in its June 10, 2021 Order that the deadline for Limetree to file a responsive pleading to Plaintiff's first amended complaint was May 26, 2021 instead of May 17, 2021, which is 14 days after Limetree was served with Plaintiff first amended complaint—April 27, 2021.

50, 64 (Super. Ct. Nov. 4, 2019) ("motions for reconsideration must be based on one of the grounds delineated in Rule 6-4(b)").

¶ 8    Generally, "[a] motion for reconsideration is not a second bite of the apple... [Instead, it] is intended to focus the parties on the original pleadings as the 'main event,' and to prevent parties from filing a second motion with the hindsight of the court's analysis covering issues that should have been raised in the first set of motions." *In re Infant Sherman*, 49 V.I. 452, 457 (V.I. 2008) In determining whether to grant such a motion, the Court operates with "the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*, 49 V.I. at 458.

## DISCUSSION

### 1. Motion for Reconsideration

¶ 9    In their joint motion for reconsideration, the parties argued that the Court should reconsider its June 10, 2021 Order ordering Plaintiff to make the appropriate filing to move this matter forward as to the defendant who has failed to appear or answer. (Motion, p. 1.) The parties made the following assertions in support of their argument: (i) "On May 25, 2021, Plaintiff's counsel, Mary Faith Carpenter, Esq., emailed Limetree's attorneys, Stephanie Adler-Paindiris, Esq. and Alicia M. Chiu, Esq., a copy of the Amended Complaint that had been filed on March 4, 2021, asking if defense counsel would be representing Limetree in the action and advising that Plaintiff was prepared to file a demand for arbitration. This was the first time Limetree or defense counsel learned of the Amended Complaint." (Id., at p. 2); (ii) "While it appears Limetree was served with a copy of the Amended Complaint on April 27, 2021, this information was never relayed to in-house counsel or its outside defense counsel due to an inadvertent oversight." (Id.); (iii) "On May 27, 2021, Plaintiff's counsel confirmed that it would be filing a demand for arbitration and that it

would not seek a default judgement against Limetree." (Id.); (iv) "Based upon this agreement and understanding that Plaintiff would arbitrate her claims, the Parties mistakenly believed that Limetree did not need to respond to the Complaint." (Id.); and (v) "On June 3, 2021, Plaintiff filed a notice advising the Court that it had commenced arbitration proceedings before the American Arbitration Association." (Id.)

¶ 10    As a preliminary matter, the Court finds that the parties timely filed their joint motion for reconsideration under Rule 6-4(a). V.I. R. CIV. P. 6-4(a) ("Except as provided in Rules 59 and 60 relating to final orders or judgments, a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court."). However, looking at the plain language of their joint motion, the parties had not based their argument on one of the four grounds enumerated in Rule 6-4.[3] Thus, they have failed to meet their burden. As such, the Court will deny the parties' joint motion for reconsideration. *See Arvidson*, 72 V.I. at 64 ("motions for reconsideration must be based on one of the grounds delineated in Rule 6-4(b)").

## 2. Request to Stay this Matter Pending Arbitration

¶ 11    In their joint motion for reconsideration, the parties also requested the Court to stay this matter pending arbitration.

¶ 12    Before the Court addresses the parties' request to stay this matter pending arbitration, the Court must express its concern with the parties' actions in this matter. First, Plaintiff and Limetree does not have the authority to circumvent the rules and agree, without the Court's approval, that

---

[3] Arguably, the parties may have based their argument for reconsideration on the availability of new evidence. However, no new evidence has been unearthed by the parties. Instead, the parties simply failed to inform the Court previously that "Plaintiff's counsel confirmed that it would be filing a demand for arbitration and that it would not seek a default judgement against Limetree" and that "[b]ased upon this agreement and understanding that Plaintiff would arbitrate her claims, the Parties mistakenly believed that Limetree did not need to respond to the Complaint."

Limetree, despite being served, need not appear or file a timely answer in this matter. This is simply not allowed, and the Court cautions the parties against further disregard of the applicable rules of this Court. Second, this matter was not automatically stayed simply because the parties decided to initiate a parallel proceeding to arbitrate. Similarly, this matter was not automatically stayed simply because Plaintiff filed a notice on June 3, 2021 advising the Court that Plaintiff has commenced arbitration before American Arbitration Association. The Court has never entered a stay in this matter, and in fact, the parties requested for a stay for the first time in their instant joint motion for reconsideration. Until the Court orders so, this matter is still an active case. If the parties wish to proceed without regard to this Court or the applicable rules of this Court, the parties can simply agree to dismiss this matter and proceed with arbitration. However, as long as this matter is pending before the Court, the Court expects the parties to comply with the applicable rules of this Court.

¶ 13    Here, the issue remains that Limetree, despite being served with the first amended complaint, has not filed an answer.[4] Under Rule 6 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 6"), "[w]hen an act is required or allowed to be done by or within a specified period, the court may upon a showing of good cause or excusable neglect, extend the date for doing that act" and "[t]he court may consider whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within the reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; whether the party seeking the extension has acted in good faith, and all other relevant circumstances surrounding the party's failure to meet

---

[4] Limetree effectively appeared in this matter when Limetree filed the joint motion for reconsideration.

the originally prescribed deadline." V.I. R. Civ. P. 6(b). "The Supreme Court of the Virgin Islands has held that 'excusable neglect' and 'good cause' are 'essentially synonyms.'" *Arno v. Hess Corp.*, 71 V.I. 463, 480 (Super. Ct. Oct. 17, 2019) (quoting *Montgomery v. Virgin Grand Villas St. John Owners' Ass'n*, 71 V.I. 1119, 1127 (V.I. 2019) (citation omitted)).

¶ 14    In taking into account all relevant circumstances surrounding Limetree's failure to file its answer by the prescribed deadline, the Court finds that there is good cause for a discretionary extension—to wit, (i) the reason for Limetree's delay in filing its answer is because (a) "[w]hile it appears Limetree was served with a copy of the Amended Complaint on April 27, 2021, this information was never relayed to in-house counsel or its outside defense counsel due to an inadvertent oversight," (b) Plaintiff's confirmation that "it would be filing a demand for arbitration and that it would not seek a default judgment against Limetree," and (c) "[b]ased upon this agreement and understanding that Plaintiff would arbitrate her [sic] claims, the Parties mistakenly believed that Limetree did not need to respond to the Complaint." (Motion, p. 2.), (ii) there is no indication that by extending the time for Limetree to file its answer presents any danger of prejudice to the other parties—in fact, the parties acknowledged in their joint motion for reconsideration that they "mistakenly believed that Limetree did not need to respond to the Complaint" and the parties are proceeding with arbitration, (iii) the delay will not be exceedingly long,[5] and (iv) the potential impact of the delay on the judicial proceedings is minimal—the parties are proceeding with arbitration and requested the Court to stay this matter pending arbitration. As such, the Court will vacate the Court's June 10, 2021 Order and grant Limetree a discretionary extension of time for Limetree to file its answer. *See People of the V.I. v. Looby*, 68 V.I. 683, 690

---

[5] *See supra*, footnote 2.

(V.I. 2018) ("[The Virgin Islands Supreme Court] has noted on multiple occasions that 'regardless of any procedural rules, 'the common law confers trial courts with the discretion to revise [an] interlocutory order at any time prior to entry of a final judgment.''") (quoting *People of the Virgin Islands v. Armstrong*, 64 V.I. 528, 535 (V.I. 2016) (quoting *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 609 (V.I. 2012))). At this time, the Court will reserve ruling on the parties' request to stay this matter pending receipt of Limetree's answer.[6]

## CONCLUSION

¶ 15    Based on the foregoing, the Court will deny the parties' joint motion for reconsideration, vacate the Court's June 10, 2021 Order, grant Limetree a discretionary extension for Limetree to file an answer, and reserve ruling on the parties' request to stay this matter pending receipt of Limetree's answer. Accordingly, it is hereby:

**ORDERED** that the parties' joint motion for reconsideration of the Court's June 10, 2021 Order, filed on June 13, 2021, is **DENIED**. It is further:

**ORDERED** that the Court's June 10, 2021 Order shall be and is hereby **VACATED**. And it is further:

**ORDERD** that, **within five (5) days from the date of entry of this Order**, Limetree shall file its answer to Plaintiff's first amended complaint. The Court will reserve ruling on the parties' request to stay this matter pending receipt of Limetree's answer.

---

[6] While the parties may question the necessity for Limetree to file an answer given that the parties agreed to arbitrate and requested to stay this matter pending arbitration, the Court finds that it is legally and procedurally sound in this instance to have Limetree file an answer. Otherwise, the Court would be setting a bad precedent that may be viewed as an invitation to litigants to enter into private agreements as to filing appearances, answers, and entries of defaults, and effectively obliterate the applicable rules of the Court.

**DONE and so ORDERED this** 24th **day of June 2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
      Court Clerk Supervisor II

Dated: _____ 6/24/2021 _____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**